United States District Court
for the
Southern District of Florida

| Eduardo Arrechavaleta Vargas, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-21101-Civ-Scola |
| | ) | |
| | ) | |
| State of Florida, Defendant. | ) | |

### **Order Denying Motion to Proceed *In Forma Pauperis* and Order Dismissing Complaint**

This matter is before the Court upon Plaintiff Eduardo Arrechavaleta Vargas's motion for leave to proceed *in forma pauperis* (ECF No. 3). Mr. Vargas, who is proceeding pro se, has not paid the required filing fee. Therefore, the screening provisions of 28 U.S.C. § 1915(e) apply. *See Rehnerger v. Henry Cty., Ga.*, 577 F. App'x 937, 938 (11th Cir. 2014) (holding that 28 U.S.C. § 1915(e) applies to all IFP proceedings). Section 1915(e)(2)(B) permits a court to dismiss a suit "any time [] the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Mr. Vargas's complaint is entitled, "Petition for Special Equitable Relief from Judgment and Sentence." (ECF No. 1 at 1.) He claims that he exhausted all remedies at law, citing to case numbers associated with his state criminal proceedings in the Criminal Division of the Eleventh Judicial Circuit of Florida in and of Miami-Dade County, the Third District Court of Appeals, and the Florida Supreme Court, and that these courts have refused to grant him relief based on Florida Rules of Criminal Procedure 3.170(l) and 3.850, which he believes has resulted in "irreparable damages and injuries." (*Id.*) His civil cover sheet states that he is asserting a torts claim for "other personal injury," would like to bring his case as a class action under Federal Rule of Civil Procedure 23, and that his action arises under 28 U.S.C. § 1391. (ECF No. 1-1.)

The Court's independent review of the state court records Mr. Vargas cites to in his complaint indicate that Mr. Vargas pled guilty to a motor vehicle license/registration counterfeiting charge, for which he was sentenced to one day of probation, upon the state trial court's order to stay and withhold adjudication. (Case No. F-16-022677, Seq. No. 53.) Mr. Vargas appealed to the Third DCA, which dismissed his appeal because he did not file a motion to

withdraw his plea in the trial court. (Case No. 3D17-0884.) Mr. Vargas then appealed his case to the Supreme Court, which denied him relief because he failed to timely file his notice of appeal. (Case No. SC17-1666.)

Now, Mr. Vargas attempts to bring a case in federal court, but his complaint does not state a proper basis for relief or explain why he is entitled to relief, even considering his complaint under the "less stringent standards" afforded to pro se litigants. *Estelle v. Gamble*, 429 U.S. 97, 106 (1979) (internal quotation marks and citations omitted). As a result, Mr. Vargas's complaint fails to state a claim. This alone serves as a basis to dismiss Mr. Vargas's complaint under § 1915(e).

It appears from the Court's review of the available state courts' records, however, that perhaps Mr. Vargas is attempting to collaterally attack his state court conviction and in particular, his guilty plea. If that is the case, then the applicable statute for Mr. Vargas to seek relief under is 28 U.S.C. § 2254. Mr. Vargas's complaint, however, is due to be dismissed even if the Court construes Mr. Vargas's complaint as an effort to bring a petition for a writ of habeas corpus under § 2254 for multiple reasons. For one, the state trial court docket states that Mr. Vargas was released from custody on March 24, 2017, which would preclude Mr. Vargas from bringing a § 2254 petition since the statute requires that a petitioner seeking habeas relief be "in custody." *See Claudio v. Fla. Dep't of Corr.*, 578 F. App'x 797, 798 (11th Cir. 2014) ("A habeas petitioner must be in custody for the district court to have subject matter jurisdiction over a habeas petition attack the state conviction, meaning that the state must exercise some control over the petitioner to satisfy the in custody requirement.")(internal quotation marks and citations omitted). And, even assuming Mr. Vargas were in custody, if Mr. Vargas is attempting to take issue with his guilty plea, then this Court cannot yet review his claim because the state courts' records also indicate that Mr. Vargas failed to exhaust his state remedies as required by § 2254(b)(1)(A). *Id.* at 799.

Accordingly, Mr. Vargas's complaint (**ECF No. 1**) is **dismissed without prejudice**, and his motion for leave to proceed *in forma pauperis* (**ECF No. 3**) is **denied as moot**. The Clerk of Court shall **close** this case.

**Done and ordered** at Miami, Florida, on April 4, 2018.

_____
Robert N. Scola, Jr.
United States District Judge